**18**

**TALBOT–WINDSOR CORP.**

v.

**William A. C. MILLER, III.**

**Civ. A. No. 61–577.**

United States District Court
D. Massachusetts.

April 23, 1962.

Mark M. Horblit, Boston, Mass., for plaintiff.

Stuart Macmillan, James F. Farr, Haussermann, Davison & Shattuck, Boston, Mass., for defendant.

WYZANSKI, District Judge.

In this case the question has arisen whether this Court shall allow the defendant, who prevailed in this case, the cost he incurred in taking depositions of local persons resident within 100 miles of this courthouse.

Defendant used some of these depositions merely to prepare for trial and to narrow the issues. He used other depositions for those purposes and also to cross-examine witnesses called by plaintiff. In this latter category is the deposition of Sanford Fisher. None of the depositions was introduced in full or in part as testimony.

Admittedly, this Court has a wide discretion as to the allowance of the costs of depositions. Emerson v. National Cylinder Gas Co., 1st Cir., 251 F.2d 152, 158. See 6 Moore, Federal Practice, 1358–1362 (2nd ed., 1953). Undoubtedly each judge in this District has an individual judicial discretion. One District Judge cannot bind the exercise of another District Judge's sound judicial discretion. Yet, it would be desirable in the interest of securing equal justice under law, for the judges of the same district to follow comparable standards of discretion.

In Emerson v. National Cylinder Gas Co., D.C.Mass., 147 F.Supp. 543, 545, aff'd, 1st Cir., 251 F.2d 152, 158 Judge Aldrich ruled, as a matter of discretion, that he would not allow the prevailing party to recover the costs of taking depositions of local persons in a case where those depositions do not appear to have been used for cross-examination at the trial, or for an offer of evidence at the trial. His ruling was based on his view that "[p]reparation costs should not be taxable." This ruling, while not invariably followed by other judges of this Court, seems to me to be so sound that it should be treated as a precedent rarely to be broken.

At the other extreme, no judge of this Court appears to have denied as an item of recoverable costs (in cases where costs have been allowed) the costs of a deposition which was taken in good faith and which, in whole or in substantial part, was introduced in evidence. This again seems a sound ruling, which should generally be followed.

What I have is the intermediate case of the use of a deposition for cross-examination. Where it is used in the trial, either for a substantive purpose,

or for a test of the witness's credibility, the cost of the deposition should generally be allowed in cases where costs are allowed by the Court. But if the person against whom the cost of the deposition would otherwise be assessed show that the deposition was not taken in good faith, or was used colorably to avoid the rule in Emerson v. National Cylinder Gas Co., or that other considerations make the recovery inequitable, undoubtedly a judge of this Court would not allow the recovery.

Applying the principles stated in the last paragraph, I rule that the costs allowable in this case should include the costs of the deposition of Sanford Fisher. That deposition was used in a significant manner in cross-examination at the trial.