Jeffrey L. GALVAN, et al., Appellants,

v.

CAMERON MUTUAL INSURANCE CO., et al., Appellees.

No. 87–2098.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 5, 1987.

Decided Oct. 26, 1987.

Rehearing Denied Dec. 9, 1987.

---

Jeffrey Lynn Galvan, pro se.

James A. Estell, Cameron, Mo., for appellees.

Before ARNOLD, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Jeffrey Galvan appeals from an order of the district court[1] dismissing with prejudice his 42 U.S.C. § 1983 complaint. In his *pro se*, in forma pauperis complaint Galvan alleged that Cameron Mutual Insurance Company violated his constitutional rights when it refused to pay a claim Galvan filed on the fire insurance policy he and his wife purchased from Cameron in 1982. Galvan also alleged that Cameron's refusal to pay constitutes vexatious delay in violation of Missouri law and that Cameron made misleading statements about his claim. Galvan sought $102,000 in damages and requested the district court to appoint him guardian ad litem for his wife and minor children. The district court held that Gal-

van's claims were frivolous because no state action is involved and no federal rights are at issue. We affirm.

On appeal[2] Galvan argues that the district court judge should have recused himself, that the court erroneously refused to appoint him guardian ad litem, and that Cameron acted under color of state law when it used a state arrest of Galvan as grounds for refusing to pay his claim. Because Galvan has alleged no facts supporting a § 1983 cause of action we affirm the district court's order without addressing whether the district court judge should have recused himself or whether Galvan should have been appointed guardian.

■ At best Galvan has alleged a civil complaint under state law. No federal rights are implicated. Further, there is no showing of state action. Galvan's argument that Cameron's actions should be attributed to the state is entirely without merit. The mere fact that Cameron considered Galvan's criminal record when deciding to deny his claim does not establish the nexus necessary for a finding of state action.

■ We believe that Galvan has wasted the limited resources of the federal government by filing this frivolous and wholly meritless appeal. The order of the district court clearly explains that any remedy available in this case must be pursued in state court. Yet, Galvan nevertheless brought this appeal without any colorable chance of success. Regardless of Galvan's *pro se*, in forma pauperis status, he has "no right to prostitute the processes of the court by bringing a frivolous * * * action." *Duhart v. Carlson*, 469 F.2d 471, 478 (10th Cir.1972) *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973). Even a *pro se* litigant has a duty to inquire into whether his claim is worth pursuing further. *Harris v. Forsyth*, 742 F.2d 1277, 1278 (11th Cir.1984).

Under the in forma pauperis statute, 28 U.S.C. § 1915(e) (1982), this court has the

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. Galvan's lengthy notice of appeal sets forth his arguments on appeal.

authority to assess costs in the same manner as in other cases. *See also Holsey v. Bass*, 519 F.Supp. 395, 406 (D.Md.1981). Accordingly, we assess double costs against Galvan for filing and appealing this frivolous § 1983 claim.

Affirmed.