**Paul N. PAPAS, et al.,
Plaintiffs, Appellants,**

v.

**Margaret HANLON, et al.,
Defendants, Appellees.**

No. 87–1905.

United States Court of Appeals,
First Circuit.

Submitted March 11, 1988.

Decided June 21, 1988.

---

Paul N. Papas II, pro se.

Marion L. Pierson, pro se.

John B. Amado, pro se.

Richard D. Bickelman, Paul R. DeRensis, Deutsch Williams Brooks DeRensis Holland & Drachman, P.C., Boston, Mass., on brief for defendants, appellees.

Before BREYER, TORRUELLA and SELYA, Circuit Judges.

PER CURIAM.

The appellant, Paul N. Papas, II, and two other purported appellants,[1] John B. Amado and Marion L. Pierson, proceeding in forma pauperis and pro se, appealed the district court's dismissal of their complaint under Fed.R.Civ.P. 37 for failure to comply with various discovery orders. (A. 8–9).[2] A panel of this court affirmed the dismissal, *Papas v. Hanlon*, 831 F.2d 280 (1987) (per curiam), (A. 12–18), and the appellees subsequently filed a motion for costs under Fed.R.Civ.P. 54(d). (A. 23). The bill for $300, stenographer's fees for three no-show depositions, was allowed and assessed against the plaintiff-appellant Papas. (A. 26). This pro se appeal followed. The only issue to be resolved on review is whether the district court may allow such costs against a litigant who has been permitted to proceed in forma pauperis (IFP). We review the district court's taxation of costs under the abuse of discretion standard. *Bose Corp. v. Consumers Union of U.S., Inc.*, 806 F.2d 304, 305 (1st Cir.1986), cert. denied, —— U.S. ——, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987).

The district court, under 28 U.S.C. § 1915(a), granted the plaintiffs indigent status in January 1986.[3] Such a grant waives the prepayment of the court's costs, *Barcelo v. Brown*, 655 F.2d 458, 462 (1st Cir.1981), and generally contemplates a postponement of fees and costs during the prosecution of the action. *Pasquarella v. Santos*, 416 F.2d 436, 437 n. 2. (1st Cir. 1969); *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir.1981). cert. denied, 454 U.S. 1151,

---

1. The case, from its inception, has apparently been prosecuted solely by Papas. (See A. 8–9; 13).

2. An appendix was filed by the appellees. The appellants did not file an appendix or otherwise comply with Fed.R.App.P. 30.

3. Nothing in the record before us indicates the appellants' present income or assets.

102 S.Ct. 1018, 71 L.Ed.2d 306 (1982). It does not completely immunize an indigent litigant from eventual liability for costs. This is clear from the text of 28 U.S.C. § 1915(e) which states that "judgment may be rendered for costs at the conclusion of the suit or action *as in other cases* " (emphasis added). Thus, a post-judgment assessment of costs against an IFP litigant is permitted but not required under the express terms of the statute. *Lay v. Anderson,* 837 F.2d 231, 232 (5th Cir.1988); *Flint v. Haynes,* 651 F.2d 970, 973 (4th Cir.1981), *Harris v. Forsyth,* 742 F.2d 1277, 1278 (11th Cir.1984). Such costs have been taxed upon a finding that the indigent's action was frivolous or malicious, *Duhart v. Carlson,* 469 F.2d 471, 478 (10th Cir. 1972), *cert. denied,* 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973); *see also Galvan v. Cameron Mutual Ins. Co.,* 831 F.2d 804 (8th Cir.1987) (appeals court may under 28 U.S.C. § 1915(e) assess double costs for filing a frivolous appeal), while other IFP plaintiffs have been held liable for costs even if litigation was undertaken in good faith. *See Chevrette v. Marks,* 558 F.Supp. 1133, 1135 (M.D.Pa.1983). We do not reach this issue, however, and hold only that the exercise of authority to tax costs under Rule 54(d) is discretionary when IFP status is involved.

■ Allowable costs are specifically set out in 28 U.S.C. § 1920, *City Bank of Honolulu v. Rivera Davila,* 438 F.2d 1367, 1371 (1st Cir.1971), and include "fees of the court reporter [4] for all or any part of the stenographic transcript necessarily obtained for use in the case." § 1920(2). Taking and transcribing depositions are within the ambit of § 1920(2), *Ramos v. Lamm,* 713 F.2d 546, 560 (10th Cir.1983); *see* 6 Moore's Federal Practice, § 54.77[4], and in *Templeman v. Chris Craft Corp.,* 770 F.2d 245 (1st Cir.1985), we said: "it is within the discretion of the district court to tax deposition costs, if special circumstances warrant it, even though the depositions were not put in evidence or used at trial." *Id.,* at 249. In the usual case, noticing the plaintiffs' depositions are reasonable and necessary steps in the preparation of a defendant's case. *Re Puerto Rico Electric Power Authority,* 687 F.2d 501, 507 (1st Cir.1982); *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1244 (7th Cir.1985). We find no-show deposition costs are incidental expenses that fall within § 1920(2) and conclude that the district court did not abuse its discretion when it entered the order awarding costs.

Finally, while a district court may take into account the limited financial resources of a plaintiff in assessing costs, we generally accord great deference to this kind of ruling and we will only disturb that award upon on a showing of abuse of discretion. The appellant has presented no good reason to overcome the presumption inherent in Rule 54(d), nor were any specific objections made to the district court regarding the necessity of the depositions or the defendants' conduct in scheduling them.

Accordingly, the judgment of the district court granting appellees' motion to assess costs is affirmed.

---

**4.** The fees of private reporters and stenographers have been held recoverable in addition to those of official reporters assigned to a court-room. *Hudson v. Nabisco Brands,* 758 F.2d 1237, 1242 (7th Cir.1985).