**Charlotte WALTERS, Plaintiff,**

v.

**The PRESIDENT AND FELLOWS OF HARVARD COLLEGE, et al.,
Defendants.**

**Civ. A. No. 81–2252–G.**

United States District Court,
D. Massachusetts.

Aug. 24, 1988.

Wendy A. Kaplan, Cambridge, Mass., Ann M. Gilmore, Gilmore & Iandoli, Boston, Mass., for plaintiff.

Daniel Crane, Finn & Crane, Cambridge, Mass., for Marciano, Tegan Pres. & Fellows of Harvard.

Allan A. Ryan, Office of the General Counsel, Cambridge, Mass., for Harvard, Hinsman, Marciano.

## MEMORANDUM AND DECISION AS TO COSTS

GARRITY, District Judge.

This matter is currently before the court on plaintiff's bill of costs, in which she seeks to recover $21,872.16 for various expenses incurred in her successful litigation against defendant Harvard University, her former employer. The defendant argues that $17,028.01 should be stricken from this bill, on the grounds that this amount represents three categories of costs not allowed under Federal Rule of Civil Procedure 54(d), viz., 1) travel, parking and miscellaneous expenses incurred by the plaintiff's attorney; 2) fees in excess of $30 per day plus travel expenses for the plaintiff's expert witnesses, none of whom was appointed by the court; and 3) costs of depositions not introduced in evidence or otherwise used at trial.

The plaintiff contends that because she prevailed on her pendent state law claim, state rather than federal law governs her recovery of costs in this litigation. She argues that the relevant Massachusetts statutes and rules—M.G.L. c. 261, §§ 1, 13, and M.R.C.P. 54—have been liberally construed as reflecting "a policy favoring awards of actual costs to prevailing parties, but leaving considerable discretion to the judge." *Creed v. Apog,* 1979, 377 Mass. 522, 525, 386 N.E.2d 1273.

It is true, as the plaintiff asserts, that the availability of prejudgment interest in diversity actions is a substantive matter to be determined by state law. *Schulhof v. Northeast Cellulose, Inc.,* D.Mass.1982, 545 F.Supp. 1200, 1211. Recovery of costs, however, is another matter. The predominant view, embraced by the Court of Appeals and by other district courts in this circuit, is that in diversity cases the award of costs is governed by federal law. *Bosse v. Litton Unit Handling Systems, Etc.,* 1 Cir.1981, 646 F.2d 689, 695 (applying federal law as to costs does not violate the *Erie* doctrine); *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer Authority,* D.P.R.1986, 110 F.R.D. 78, 80; 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2669 at 214 (1983). Under the applicable federal law the plaintiff cannot recover the "excess" expert witness fees or the miscellaneous expenses incurred by her attorney; she can, however, recover some of the deposition-related costs challenged by the defendant.

Federal Rule of Civil Procedure 54(d) directs that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Title 28 of the Code offers specific guidance as to the taxation of costs; section 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although Rule 54(d) could be read as vesting the district court with discretion to tax as costs expenses not specified in § 1920, the Supreme Court recently rejected that interpretation. *Crawford Fitting Company v. J.T. Gibbons, Inc.,* 1987, —— U.S. ——, 107 S.Ct. 2494, 96 L.Ed.2d 385. "[T]he better view," the Court explained, "is that § 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants

a federal court discretion to refuse to tax costs in favor of the prevailing party." *Id.* at ——, 107 S.Ct. at 2497. *See also Gradmann & Holler GMBH v. Continental Lines,* 1 Cir.1982, 679 F.2d 272, 274. Section 1920 makes no provision for the recovery of traveling, parking or miscellaneous expenses incurred by the prevailing party's attorneys. *See City Bank of Honolulu v. Rivera Davila,* 1 Cir.1971, 438 F.2d 1367, 1371 (expenses incurred by prevailing party's attorney in traveling to and attending deposition were not taxable as costs); 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2676 at 338 (1983). As the plaintiff herself concedes, she cannot recover such expenses, claimed in the amount of $1426.30, under federal law.

▪ Section 1920 does authorize recovery of costs for witness fees and deposition transcripts. Section 1821 of Title 28 specifies the fees and allowances due a witness in attendance at any federal court or authorized deposition, viz.: an attendance fee of $30 per day for each day of attendance, including the time spent in transit before, during and after such attendance, § 1821(b); travel expenses, measured either by the actual reasonable cost of travel by common carrier, or by a mileage allowance for travel by private vehicle, § 1821(c); and a subsistence allowance when circumstances require an overnight stay at the place of attendance, § 1821(d).

The plaintiff seeks witness fees well in excess of the statutory amount for her three expert witnesses, Drs. George Arana, Margaret Crull and Freda Klein—viz., $5650.00, $3271.25, and $4000.00, respectively, for a total of $12,921.25. She also seeks to recover the sums of $574.88 and $299.58 for expenses reimbursed to Drs. Arana and Crull. The case law makes clear that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821, absent contract or explicit statutory authority to the contrary." *Crawford Fitting Company, supra,* —— U.S. at ——, 107 S.Ct. at 2496. *See also Templeman v. Chris Craft Corp.,* 1 Cir.1985, 770 F.2d 245, 249–50, *cert. de-*

*nied,* 1985, 474 U.S. 1021, 106 S.Ct. 571, 88 L.Ed.2d 556; *Bosse, supra,* at 695; *Paul N. Howard Co., supra,* at 82. Dr. Arana and Dr. Crull each testified for one day, and Dr. Klein testified on two separate days. The plaintiff may therefore recover expert witness fees in the amount of $120; the remaining $12,801.25 sought as expert witness fees is disallowed. The $874.76 the plaintiff seeks as expenses incurred by Drs. Arana and Crull, both from out of town, may well be compensable under the statute as travel expenses. If plaintiff identifies the nature of these expenses as allowable under § 1821, the Clerk will allow them as costs without further order of the court.

▪ Section 1920 allows for the recovery of stenographic transcripts "necessarily obtained for use in the case," 28 U.S.C. § 1920(2); the cost of taking and transcribing depositions has been held to fit within this subsection. *Templeman, supra,* at 249. While some courts permit the recovery of such costs whenever the taking of depositions is shown to have been reasonably necessary at the time, the rule in the First Circuit is that the cost of depositions should be taxable if they are either introduced into evidence or used at trial. *Id. See also Emerson v. National Cylinder Gas Company,* D.Mass.1957, 147 F.Supp. 543 ("Preparation costs should not be taxable."), *aff'd,* 1 Cir.1958, 251 F.2d 152. If the depositions are not used at trial, "it is within the discretion of the district court to tax deposition costs if special circumstances warrant it." *Templeman, supra,* at 249.

The defendant contends that seven of the depositions listed in the plaintiff's bill of costs were not introduced in evidence or otherwise used at trial, and that therefore the related expenses are not taxable. One of the challenged depositions—that of Donald Harvey, an employee of the defendant university—was in fact used by the plaintiff at trial, during her cross-examination of her former supervisors, Frank Marciano and Kenneth Hinsman. The costs of the Harvey deposition will thus be taxed to the defendant. *See Talbot–Windsor Corp. v.*

*Miller,* D.Mass.1962, 32 F.R.D. 18 (costs of deposition used on cross-examination held taxable). The other depositions in question —those of John Tegan, Robert Davis, and Joseph Lewis, the plaintiff's co-workers, and Nancy Randolph and Katherine Zevitas, two other Harvard employees—were not used at trial. Although these depositions may well have been necessary to the thorough preparation of the plaintiff's case, she has not demonstrated any special circumstances warranting the recovery of the associated costs.

### Conclusion

The following costs are hereby taxed against defendant Harvard University:

| | |
|---|---|
| Commencement of litigation | $ 114.50 |
| Depositions | 4,237.05[1] |
| Service | 251.10 |
| Fees for lay witnesses | 342.00 |
| Fees for expert witnesses | 120.00 |
| | 5,064.65 |

With the qualification noted below,[2] other costs claimed by the plaintiff are disallowed.

---

**1.** For the reasons discussed above, the costs of six depositions not used at trial have been disallowed. The costs of these depositions were claimed as follows, for a total of $1,705.50: Robert Davis—$166.50, Diane Brou Fraser—$304.25, Joseph Lewis—$244.00, Nancy Randolph—$225.50, John Tegan—$241.25, and Katherine Zevitas—$524.00. The sum of $12,-801.25 has likewise been deducted from the plaintiff's claim for expert witness fees in the amount of $12,921.25, and her claim for $1,426.30 in travel and miscellaneous expenses incurred by her attorneys is denied in its entirety.

**2.** As for the amounts claimed by the plaintiff as expenses reimbursed to her expert witnesses Dr. George Arana and Dr. Margaret Crull, this matter will be ruled upon by the Clerk if plaintiff submits proof, on or before September 6, 1988, that these expenses are compensable under 28 U.S.C. § 1821; otherwise they are disallowed.