36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Elijha JACKSON, Appellant,
v.
QUARTET SALES; Fu Ming Electric Wire and Cable Company;
William Wayne; Melvin Leonard, Appellees.
 No. 94-1861.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 7, 1994.
Filed: September 14, 1994.
 
 Before MAGILL, LOKEN, and MORRIS S. ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elijha Jackson, a Missouri inmate, appeals from the district court's[1] dismissal of his 42 U.S.C. Sec. 1983 complaint. We affirm.
 
 
 2
 Jackson was injured when an immersible heating element, known as a "stinger," exploded in his face as he was making coffee. In his complaint filed in forma pauperis, Jackson alleged that defendants Quartet Sales and Fu Ming Electric Wire & Cable Co. violated his constitutional rights when they sold the stinger to prison, which, through its employees, sold it to Jackson. Jackson provided an address for Quartet Sales but not for Fu Ming. The court ordered Jackson to provide Fu Ming's address, and also ordered the clerk to issue summons and the U.S. Marshal to serve process on Quartet Sales at the address Jackson provided.[2] Over seventeen months later, the district court dismissed the action as to Quartet Sales and Fu Ming for failure of service of process. See Fed. R. Civ. P. 4(m) (requiring dismissal without prejudice if service not made within 120 days after complaint is filed, absent showing of good cause).
 
 
 3
 We see no abuse of discretion in the dismissal as to Fu Ming pursuant to Rule 4(m). See Edwards v. Edwards, 754 F.2d 298, 299 (8th Cir. 1985) (per curiam) (standard of review). Jackson never provided an address, nor showed good cause for failure to do so. We decline to affirm the dismissal of Quartet Sales under Rule 4(m), because the record does not reflect any response to the court's orders regarding issuance and service of process at the address Jackson provided. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.), cert. denied, 114 S. Ct. 209 (1993).
 
 
 4
 Nonetheless, we affirm the dismissal of Quartet Sales, because the record shows that Jackson's claim was frivolous under 28 U.S.C. Sec. 1915(d). See Brown v. St. Louis Police Dep't, 691 F.2d 393, 396 (8th Cir. 1982) (appeals court may affirm on any basis supported by record), cert. denied, 461 U.S. 908 (1983). In forma pauperis claims can be dismissed as frivolous if they lack "an arguable basis either in law or in fact." See Neitzke v. Williams, 490 U.S. 319, 325 (1989). There is no indication that Quartet Sales was anything other than a private firm, and it did not become a state actor merely by selling the stinger to the prison. See Steading v. Thompson, 941 F.2d 498, 499 (7th Cir. 1991), cert. denied, 112 S. Ct. 1206 (1992). Absent state action, the claim was frivolous. See Myers v. Vogal, 960 F.2d 750, 750 (8th Cir. 1992) (per curiam); Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805 (8th Cir. 1987) (per curiam). We note that our holding does not preclude Jackson from pursuing any state tort claim he may have.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of the HONORABLE WILLIAM A. KNOX, United States Magistrate Judge for the Western District of Missouri
 
 
 [2]
 Jackson subsequently obtained leave to add prison employees William Wayne and Melvin Leonard as defendants. The district court dismissed the complaint as to Wayne and Leonard for failure to state a claim. Jackson does not challenge that ruling