62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Greg SCHER, Appellant,
v.
James PURKETT; Jim Allen; Tom Gibson; Helen Scott;
Terina Ballinger; John Grohman; Bruce Scott;
John Does, 1-10; Jane Does, 1-10, Appellees.
 No. 94-1376
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 2, 1995.
Filed: Aug. 14, 1995.
 
 Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Greg Scher appeals from the district court's[1] order sustaining the full amount of defendants' bill of costs in his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Scher brought this section 1983 action against Farmington Correctional Center officials, alleging violations of his civil rights. A magistrate granted Scher leave to proceed in forma pauperis (IFP), because, at that time, Scher was confined in prison, unemployed, and without income or assets. Nearly three years later, a jury trial was held on his claims, which resulted in a verdict in favor of defendants. The district court then ordered that Scher bear the costs of the action, and revoked Scher's IFP status because Scher's updated financial affidavit showed his financial situation had considerably changed.
 
 
 3
 Defendants filed a motion for costs of $944.42; defendants' counsel attested that they had necessarily incurred in preparation for trial expenses of $270.92 for copies of plaintiff's exhibits and $673.50 for copies of depositions of Scher and two medical experts. Scher moved to strike defendants' bill of costs, arguing that he had IFP status at the time the costs were incurred, and thus, he should not have to pay the costs, and that the costs were voluntarily and unnecessarily incurred. The district court denied Scher's motion and sustained the amount of costs in full. Scher appeals from this order.
 
 
 4
 We reject Scher's argument that he could not be assessed costs incurred during the period in which he had IFP status, because a judgment for costs may be made at the end of an IFP case as in any other case. Even if the district court had not revoked his IFP status, costs could still be assessed against Scher. See 28 U.S.C. Sec. 1915(e); Galvan v. Cameron Mut. Ins. Co., 831 F.2d 804, 805-06 (8th Cir.1987) (per curiam).
 
 
 5
 We also conclude that the district court did not abuse its discretion in assessing costs against Scher. See Fed. R. Civ. P. 54(d) (costs "allowed as of course to the prevailing party unless the court otherwise directs"); Richmond v. Southwire Co., 980 F.2d 518, 520-21 (8th Cir.1992) (per curiam) (standard of review). The defendants' evidence supported the necessity of their incurred costs, and Scher did not demonstrate to the contrary. See 28 U.S.C. Sec. 1920(4) (allowing fees for copies of papers necessarily obtained for use in the case); Koppinger v. Cullen-Schiltz & Assocs., 513 F.2d 901, 911 (8th Cir.1975) (expense of depositions not used at trial can be taxed provided they were reasonably necessary to case and not purely investigative).
 
 
 6
 Finally, we do not consider the issues Scher raises in his brief regarding trial errors, as Scher's notice of appeal indicated only that he was appealing the court's order assessing costs, and not the underlying judgment. See Berdella v. Delo, 972 F.2d 204, 207-08 (8th Cir.1992).
 
 
 7
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable William S. Bahn, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)