Lawrence MERIGAN, Plaintiff,

v.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,
Defendant.

Civil Action No. 2009–11087–RBC.[1]

United States District Court,
D. Massachusetts.

March 15, 2012.

---

1. On September 22, 2009, with the parties' consent this case was reassigned to the undersigned for all purposes, including trial and the entry of judgement, pursuant to 28 U.S.C § 636(c).

Jonathan M. Feigenbaum, Boston, MA, for Plaintiff.

Matthew D. Freeman, Keturah Martin, Andrew C. Pickett, Jackson Lewis LLP, Boston, MA, for Defendants.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' [sic] FEES IN THE AMOUNT OF $16,150 (# 58) AND MOTION FOR BILL OF COSTS (# 59)

COLLINGS, United States Magistrate Judge.

Plaintiff Lawrence Merigan filed a motion for an award of attorney's fees (# 58) and a motion for costs (# 59) on January 23, 2012. Defendant Liberty Life Assurance Company of Boston ("Liberty") timely filed a response (# 60) to the plaintiff's motions, which in turn generated a reply (# 62) from Merigan. With leave, Liberty filed a sur-reply (# 64) on February 16, 2012. At this juncture, the record on the plaintiff's requested attorney's fees and costs is complete and the motions are ripe for decision.

### I. Attorney's Fees

■ Merigan seeks an award of attorney's fees in the amount of $16,150. This total results from 33.3 claimed hours of attorney time multiplied by a rate of $485 per hour. Liberty has interposed a tepid objection to the total amount requested, characterizing it as "unreasonable," but providing no "detailed opposition to Merigan's motions." (# 60 at 1)

■ In relevant part, the ERISA statute provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The final judgment entered on January 9, 2012(# 57) providing for a limited award of attorney's fees and the costs of the action to the plaintiff. Because § 1132

> does not specify the appropriate fee-shifting methodology, the court will apply the lodestar analysis. *See Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 526 (1st Cir.1991); *McGahey v. Harvard Univ. Flexible Benefits Plan,* 685 F.Supp.2d 181, 184 (D.Mass. 2010). The lodestar is determined 'by multiplying the number of hours productively spent by a reasonable hourly rate to calculate a base figure.' *De Jesus Nazario v. Morris Rodriguez,* 554 F.3d 196, 207 (1st Cir.2009).

*International Union of Operating Engineers, Local 98 Health and Welfare, Pension and Annuity Funds v. Ray Haluch Gravel Co.,* 792 F.Supp.2d 139, 140 (D.Mass., 2011). *See also Tennessee Gas Pipeline Co. v. 104 Acres of Land, More or Less, In Providence County, State of R.I.,* 32 F.3d 632, 634 (1 Cir., 1994); *Weinberger v. Great Northern Nekoosa Corp.,* 925

F.2d 518, 526 (1 Cir., 1991) ("If an alternative method is not expressly dictated by applicable law, we have customarily found it best to calculate fees by means of the time-and-rate method known as the lodestar."); *McGahey v. Harvard University Flexible Benefits Plan,* 685 F.Supp.2d 181, 184 (D.Mass., 2010) ("Because ERISA, 29 U.S.C. § 1132(g)(1), provides for fee shifting without specifying the methodology to be used, a lodestar time and rate method is preferred.").

The time sheets (# 58–3, Exh. 1) submitted by plaintiff's counsel reflect that the number of hours claimed, 33.3, is reasonable and that the time was productively spent. There is no indication of duplication of effort or extraneous hours sought. The fact the Merigan's attorney reviewed and analyzed the *Amara*[2] decision with respect to its applicability and impact on the plaintiff's case as well as other cases in which he serves as counsel does not suggest that the number of hours claimed is inflated or should be reduced.

Liberty has interposed no objection to the $485 per hour claimed by Merigan's attorney. The Court finds that hourly rate to be reasonable. Plaintiff's counsel has filed an ample number of declarations from attorneys across the country who are ERISA practitioners supporting the reasonableness of this hourly rate. (# 58–1)

A total sum of sixteen thousand one hundred fifty dollars and fifty cents ($16,-150.50) is awarded as attorney's fees.

## II.  Costs

The Ninth Circuit has determined that § 1132(g)(1)'s "allowance for 'costs of action' empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 or by similar provisions." *Agredano v.*

*Mutual of Omaha Companies,* 75 F.3d 541, 544 (9 Cir., 1996). Other courts have followed suit. *See Hahnemann University Hospital v. All Shore, Inc.,* 514 F.3d 300, 311 n. 9 (3 Cir., 2008); *Cromer–Tyler, M.D. v. Teitel, M.D., P.C.,* 2007 WL 2684878, \*6 (M.D.Ala., Sept. 11, 2007) (collecting cases) ("The term 'costs of action' is not defined by the statute. Courts interpreting this phrase have held that it denotes the same items of costs available under 28 U.S.C. § 1920.").

■ The court filing fee of two hundred eighty-five dollars ($285.00) and the fee to accept service per statute of six dollars ($6.00) shall be awarded under 28 U.S.C. § 1920(1).

Pursuant to 28 U.S.C. § 1920(2), the plaintiff requests reimbursement of the fees incurred for two Rule 30(b)(6) deposition transcripts that were necessarily obtained for use in the case in the amounts of two hundred and nine dollars ($209.00) and one hundred sixty-seven dollars and seventy-five cents ($167.75) respectively. A total of three hundred seventy-six dollars and seventy-five cents ($376.75) shall be awarded for the costs of deposition transcripts.

■ The First Circuit has repeatedly stated that "[a]llowable costs are specifically set out in 28 U.S.C. § 1920." *Papas v. Hanlon,* 849 F.2d 702, 704 (1 Cir., 1988) (*citing City Bank of Honolulu v. Rivera Davila,* 438 F.2d 1367, 1371 (1 Cir., 1971)); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Lit.,* 994 F.2d 956, 962 (1 Cir., 1993); *Gochis v. Allstate Ins. Co.,* 162 F.R.D. 248, 250 (D.Mass., 1995) ("The assessment ('taxation') of costs is

---

**2.** *CIGNA Corp. v. Amara,* —— U.S. ——, 131    S.Ct. 1866, 179 L.Ed.2d 843 (2011).

governed by the tandem operation of a federal statute, 28 U.S.C. section 1920, and Rule 54(d)(1) of the Federal Rules of Civil Procedure.... Section 1920 supplies the proper definition of the term 'costs' in the rule and restricts the district court's ability to assess costs beyond those listed in the statute.") (footnote omitted). The requested costs for messenger service, airfare, parking and taxis do not fall within the strictures of § 1920 and, accordingly, may not be recouped as costs of the action.[3]

In sum, a total of six hundred sixty-seven dollars and seventy-five cents ($667.75) shall be awarded as costs of the action.

### III. Offset

■ The primary issue raised by Liberty is one of offset. The defendant notes that it was awarded a total of twenty-six thousand seven hundred twenty-one dollars and ninety-two cents ($26,721.92) on its counterclaim in the January 9th final judgment. According to Liberty, despite its repeated requests, Merigan has made no payment(s) towards satisfaction of that judgment. Thus, the defendant requests that the Court enter the award of reasonable attorney's fees and costs of the action to Merigan "as an offset against the amount Liberty was awarded on its Counterclaim." (# 60 at 2)

Merigan objects to Liberty's suggestion, arguing that such an offset would, in effect, allow the sharing of legal fees with a non-lawyer. The plaintiff's assertion misses the mark. As noted earlier, § 1132(g)(1) provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to *either party*." (emphasis added) When examining

similar language in the Equal Access to Justice Act (EAJA), specifically 28 U.S.C. § 2412(d), the Supreme Court concluded the award of fees and expenses went to the litigant, not the attorney. *Astrue v. Ratliff,* —— U.S. ——, 130 S.Ct. 2521, 2527, 2529, 177 L.Ed.2d 91 (2010). And so it is here: the award of attorney's fees and costs goes to Merigan, not his counsel. *See U.S. v. $186,416.00 in U.S. Currency,* 642 F.3d 753, 756 (9 Cir., 2011) ("*Ratliff* counsels that in the absence of explicit instructions from Congress awarding fees to the attorney, direct payment to the attorney should not be presumed."); *Tibble v. Edison Intern.,* 2011 WL 3759927, *4 (C.D.Cal., Aug. 22, 2011) ("§ 1132(g)(1) clearly states that attorney's fees and costs are to be awarded to parties. An indication that these awards are payable directly to the attorney is wholly absent. As such, under *Ratliff* and *$186,416.00,* the Court holds that fee awards under § 1132(g)(1) are payable to Plaintiffs as part of their judgment, not to their counsel.").

The Tibble court addressed the issue of offset in the context of an ERISA case:

> [T]he general rule is that a judgment for costs for one party may be set off against a judgment for another in the same action. 'The right of setoff (also called 'offset') allows parties that owe each other money to apply their mutual debts against each other thereby avoiding "the absurdity of making A pay B when B owes A." ' *Citizens Bank v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (quoting *Studley v. Boylston Nat'l Bank,* 229 U.S. 523, 528, 33 S.Ct. 806, 57 L.Ed. 1313 (1913)). 'The historical antecedents of setoff rights are long and venerable and are

---

**3.** Merigan has specifically sought reimbursement for these items as costs of the action. However, even if these costs could be considered as a component of attorney's fees denoted "expenses," *see Cromer–Tyler M.D.,* 2007 WL 2684878, *6, the "expenses" were incurred prior to May 16, 2011 and therefore cannot be recovered.

based on the common sense notion that "a man should not be compelled to pay one moment what he will be entitled to recover back the next." ' *United States v. Norton,* 717 F.2d 767, 773 (3d Cir. 1983). 'Because of its origins as an equitable remedy ... the "allowance of a setoff lies within the sound discretion of the trial court." ' *In re Braniff Airways, Inc.,* 42 B.R. 443, 448 (Bkrtcy.Tex. 1984) (quoting *Riggs v. Government Emp. Financial Corp.,* 623 F.2d 68, 73 (9th Cir.1980)).

*Tibble,* 2011 WL 3759927, at *5. *See also American Federal Bank, FSB v. U.S.,* 74 Fed.Cl. 208, 224 (Fed.Cl., 2006), *aff'd,* 295 Fed.Appx. 368 (Fed.Cir., 2008); 10 Fed. Prac. & Proc. Civ. 3d § 2667 (1998).

In an alternative ruling, the court in *Tibble* concluded that, to the extent the plaintiffs were awarded attorneys' fees under § 1132(g), that award was to be offset by the amount of the award of costs to be granted to the defendants.

The general rule is applicable in the case at bar. Attorney's fees and costs in the amount of sixteen thousand eight hundred seventeen dollars and seventy-five cents ($16,817.75) are awarded to Merigan as part of the judgment. Merigan owes Liberty twenty-six thousand seven hundred twenty-one dollars and ninety-two cents ($26,721.92) on its counterclaim. In other words, the debts are "reciprocal." *Clemente v. Crane,* 97 F.3d 1445 (Table), 1996 WL 582768, *2 (1 Cir., Oct. 9, 1996). Rather than engaging in "the absurdity" of Liberty paying Merigan when Merigan owes Liberty, the Court, in its discretion, shall offset the amount awarded for attorney's fees and costs against the amount awarded on the counterclaim.

### IV. Order

For the reasons stated, it is ORDERED that Plaintiff's Motion For Award Of Attorneys' [sic] Fees In The Amount Of $16,150 (# 58) be, and the same hereby is, ALLOWED. It is FURTHER ORDERED that the Motion For Bill Of Costs (# 59) be, and the same hereby is, ALLOWED to the extent that a total of six hundred sixty-seven dollars and seventy-five cents ($667.75) is awarded as costs of the action, and otherwise DENIED. It is FURTHER ORDERED that the total award of attorney's fees and costs, sixteen thousand eight hundred seventeen dollars and seventy-five cents ($16,817.75), shall be, and hereby is, OFFSET against the amount due and owing Liberty by Merigan on the counterclaim. An Amended Final Judgment shall be entered to reflect these rulings.