**UNITED STATES of America,**
**Plaintiff,**

v.

**$60,201.00 U.S. CURRENCY, Defendant.**

**New York Jewelry, Inc., Claimant.**

**No. CV 02–4723–ABC(CTx).**

United States District Court,
C.D. California,
Western Division.

Oct. 27, 2003.

---

Patrick Greg Parham, AUSA–Office of US Attorney, Los Angeles, CA, for Plaintiff.

Eric Honig, Eric Honig Law Offices, Marina Del Rey, CA, for Claimant.

## ORDER GRANTING IN PART AND DENYING IN PART CLAIMANT'S MOTION FOR ATTORNEYS' FEES

COLLINS, District Judge.

On May 12, 2003, Claimant New York Jewelry, Inc. ("Claimant") filed a Motion for Attorneys' Fees. The United States (the "Government" or "Plaintiff") filed an Opposition on May 27, 2003. Claimant filed a Reply on June 2, 2003. The Court found Claimant's motion appropriate for submission without oral argument. Fed.R.Civ.P. 78; Local Rule 7.11. Accordingly, the scheduled hearing date of June 9, 2003 was vacated.

After considering the materials submitted by the parties and the case file, the Court GRANTS IN PART and DENIES IN PART Claimant's motion for attorneys' fees. Claimant shall recover $58,969.38 in fees and other expenses. The Court hereby ORDERS Plaintiff to pay that amount within forty-five (45) days of receipt of this Order unless other arrangements are made by counsel.

## I. PROCEDURAL BACKGROUND

Plaintiff filed its Complaint seeking forfeiture on June 14, 2002. Claimant filed a Motion for Summary Judgment on January 23, 2003. On February 10, 2003, Plaintiff filed an Opposition, and Claimant filed a Reply on February 18, 2003. On February 24, 2003, the Court granted Claimant's Motion for Summary Judgment. The Court found Plaintiff failed to raise a genuine issue of fact that would preclude summary judgment as to (1) the dog alert evidence; (2) the amount of cash sent by Claimant; and (3) the totality of the evidence, including the background, training and experience of the officer.

The Court ordered that the Plaintiff return Defendant property to Claimant. In the instant motion, Claimant seeks attorneys' fees and costs from Plaintiff under 28 U.S.C. § 2465(b)(1).

## II. STANDARD ON A MOTION FOR ATTORNEYS' FEES

■ "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the "lodestar." *See Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir.2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Caudle*, 224 F.3d at 1028, citing *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir.1996). The lodestar should be presumed reasonable unless some exceptional circumstance justifies deviation. *Quesada*, 850 F.2d 537, 539 (9th Cir.1988). As the Ninth Circuit has indicated, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Van Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000) (quoting *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933). The Court is under an independent duty to reach its own "lodestar" value. *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933.

■ After computing the lodestar, the district court is to assess whether additional considerations enumerated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), require the court to adjust the figure. *Caudle*, 224 F.3d at 1028. The *Kerr* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 70.

## III. DISCUSSION

Plaintiff concedes that Claimant substantially prevailed in this action and is thus entitled to attorneys' fees and other litigation costs. (Opp'n at 1:5–10.) At issue are the calculation of the hourly rate and the number of hours billed.

### A. Hourly Rate

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") states that reasonable attorney fees shall be awarded to claimant "in any civil proceeding to forfeit property ... in which the claimant substantially prevails." 28 U.S.C. § 2465(b)(1). Plaintiff argues that "reasonable fees" should be calculated with reference to the provisions of the Equal Access to Justice Act ("EAJA"). (Opp'n at 1:14–17.) Under the EAJA, fees are capped at $125 per hour unless "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Claimant, by contrast, argues that Congress rejected the cap by enacting CAFRA's attorney fee provision, and the market rate should prevail. (Reply at 5:15–22.) Claimant cites David B. Smith's leading treatise on forfei-

ture to support its argument that "fees [under CAFRA] **are not subject to a statutory hourly limit, in contrast with fee awards under the EAJA.**" *See* David B. Smith, *Prosecution and Defense of Forfeiture Cases,* ¶ 10.8 (Dec.2002) (emphasis added). (Reply at 6:3–4.)

■ The issue of whether the hourly *rate for attorney fees under CAFRA* should be subject to the EAJA's fee caps is one of first impression. The Court agrees with Claimant that the EAJA cap should not apply. Until CAFRA was passed, claimants routinely proceeded under the EAJA to request an award of attorney fees. If Congress had intended to maintain the status quo with regard to fee awards, it had the option of specifying that hourly rates should be capped, or, alternatively, omitting the attorney fee language from the Act entirely. A comparison of the CAFRA and EAJA provisions suggests that Congress intended to liberalize the award of attorney fees, rather than restrict them. For instance, the EAJA states that courts can award attorney fees to a "prevailing party," 28 U.S.C. § 2412(b). CAFRA, by contrast, broadens the class that can receive fees in forfeiture actions to claimants who "substantially prevail." 28 U.S.C. 2465(b). Accordingly, the Court finds that the attorney fees should not be subject to EAJA fee caps here.

■ Claimant must show that the hourly rates charged are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir.2001) (Citation omitted.) The Court finds that Claimant has submitted sufficient evidence to show that the hourly rates of $300 for Mr. Honig and $225 for Mr. Litwin conform with prevailing market rates for attorneys of comparable competence. However, the Court rejects the

request for fees for Mr. Graybeal's services, as explained below.

Claimant has submitted the Declaration of Thomas M. Brown, a former arbitrator for the Los Angeles County Bar Association Attorney Fee Dispute panel. Mr. Brown attests that "it is reasonable and not uncommon for an experienced and specialized litigator with more than 20 years of litigation experience to bill between $350 and $600 per hour in the Los Angeles area." (Decl. of Thomas M. Brown ¶ 6.) Claimant has also submitted the Declaration of Paul L. Gabbert, which indicates that Mr. Gabbert has specialized in civil asset forfeiture matters for 20 years. (Decl. of Paul L. Gabbert ¶ 3.) Mr. Gabbert has stated that he knows of "no qualified counsel in the Los Angeles area . . . who would represent a client in these cases for less than $250.00–$300.00 per hour." (Decl. of Paul L. Gabbert ¶ 6.) Mr. Honig's declaration indicates that he has been practicing law continuously for over 20 years (i.e. since 1981) and has specialized in asset forfeiture cases since 1989. (Decl. of Eric Honig ¶¶ 3–7.) Mr. Litwin's declaration indicates that he has been practicing since 1989 and has extensive experience in federal civil litigation. (Decl. Of Richard Litwin ¶¶ 3, 5.)

Based on the foregoing evidence, the Court finds that Mr. Honig's hourly rate of $300 and Mr. Litwin's hourly rate of $225 conform with prevailing market rates and are thus reasonable.

## B. Hours Billed

Plaintiff contends that Claimant's attorneys over-billed in several ways. Plaintiff takes issue with (1) Mr. Honig's billing in 15–minute blocks, rather than 6–minute blocks (Opp'n at 22:11–18); (2) Mr. Litwin's charges for conveying information from Mr. Honig to the client (Opp'n at 23:9–12); (3) both attorneys' charges for preparing responses to discovery requests

(Opp'n at 23:16–19); (4) Mr. Honig's charges for two conversations with Mr. Litwin's secretary about clerical matters (Opp'n at 23:20–27); (5) all of the fees charged by Mr. Graybeal, as he was only involved with the preliminary administrative claim, not the litigation itself (Opp'n at 21:12–16–22:1); and (6) preemptively, with any fees they might charge in connection with the instant Motion for Attorney Fees (Opp'n at 24:11–25:1–3).

■ First, with regard to Plaintiff's objection to quarter-hour billing increments, the Court notes that Mr. Brown has attested "it is common for experienced federal litigators in the Los Angeles area … to bill in one-quarter hour (0.25) increments for each task performed." (Decl. of Thomas M. Brown ¶ 6.) The Court finds Mr. Brown's statement confirms standard billing practices. The Court will not reduce the attorney fee award because Mr. Honig has billed in one-quarter hour increments.

■ Second, as to Plaintiff's objection to Mr. Litwin's conveying information between the client and Mr. Honig, the Court notes Claimant's explanation that Mr. Litwin could communicate much more easily with the Claimant's principal contact than Mr. Honig due to geographical proximity and language barriers. (Reply at 12:14–24) The Court finds this explanation persuasive and will not strike charges for Mr. Litwin's acting as a liaison between Mr. Honig and Claimant.

■ Third, the Court does not find it unreasonable for attorneys to spend some time reviewing and preparing responses to discovery requests. The Court also notes Claimant's statement that the responses were used in connection with Claimant's Motion for Summary Judgment. (Reply at 12:8–9.) The Court will not reduce the award on this basis.

■ Fourth, with regard to the clerical charges, Claimant concedes that .50 hours charged by Mr. Honig for speaking with Mr. Litwin's secretary should be deducted from the fees. Accordingly, the Court deducts this amount from the award.

■ Fifth, the Court agrees with Plaintiff that the charges for Mr. Graybeal's services should be deducted from the fee award. Time spent in preparing administrative proceedings is not compensable unless it "was work that was both useful and of a type ordinarily necessary to advance the … litigation." *Webb v. Bd. of Educ. Of Dyer County, Tennessee*, 471 U.S. 234, 243, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985). "The time that is compensable … is that 'reasonably expended *on the litigation.*'" *Id.* at 242, 105 S.Ct. 1923 (1985) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Claimant states that Mr. Graybeal's services were used "in the initial administrative forfeiture proceedings in this case." (Mot. at 9:7.) Claimant does not allege that Mr. Graybeal's services were either useful or necessary for advancing the litigation. Accordingly, the Court rejects the request for Mr. Graybeal's fees in the amount of $2,222.20.

■ Sixth, as to fees charged in connection with the instant motion, the Court also finds Plaintiff's objections without merit. The time attorneys spend in establishing they are entitled to a fee award is generally compensable. *Guerrero v. Cummings*, 70 F.3d 1111, 1113 (9th Cir.1995). Claimant is entitled to recoup the costs of preparing the papers associated with this motion.

Accordingly, the Court grants Claimant $58,969.38 in fees and other expenses.

## IV. CONCLUSION

For the reasons articulated herein, the Court GRANTS IN PART and DENIES

IN PART Claimant's motion for attorneys' fees as follows:

1. Claimant's request for attorneys' fees for .50 hours charged by Mr. Honig for speaking with Mr. Litwin's secretary is DENIED;

2. Claimant's request for attorneys' fees for Mr. Graybeal's services in preparing for administrative proceedings is DENIED;

3. The remainder of Claimant's motion is GRANTED.

The Court hereby ORDERS Plaintiff to pay $58,969.38 in fees and other expenses to Claimant **within forty-five (45) days** of receipt of this Order unless other arrangements are made by counsel.

**SO ORDERED.**