**UNITED STATES of America,
Plaintiff,**

v.

**4,432 MASTERCASES OF
CIGARETTES, More or
Less, Defendant,**

Intrigue Trading, Inc., Claimant.

Intrigue Trading, Inc., Third–
Party Plaintiff,

v.

**Port Services Foreign Trade Zone
202–8, Third–Party Defendant**

**No. CV 01–10113 FMC.**

United States District Court,
C.D. California.

June 9, 2004.

Pio S. Kim, Steven R. Welk, AUSA—Office of US Attorney, Los Angeles, CA, for Plaintiff.

Cameron W. Roberts, Countryman & McDaniel, Los Angeles, CA, for Third–Party Defendant and Third–Party Plaintiff.

Eric Honig, Eric Honig Law Offices, Marina Del Rey, CA, for Cross Claimant, Claimant, Third–Party Plaintiff and Third–Party Defendants.

Elon A. Pollack, Elon A. Pollack Law Offices, Los Angeles, CA, for Claimant and Third–Party Plaintiff.

Dennis G. Martin, Willmore F Holbrow, III, Blakely Sokoloff Taylor & Zafman, Los Angeles, CA, Barry M. Boren, Barry M. Boren Law Offices, Miami, FL, for Cross Defendants.

## ORDER GRANTING IN PART CLAIMANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

## ORDER GRANTING MOTION FOR SANCTIONS

COOPER, District Judge.

This matter is before the Court on Claimant Intrigue Trading, Inc.'s ("Intrigue") Motion for Attorneys' Fees and Costs (docket no.123), filed February 26, 2004 and on Third–Party Defendant Kintetsu Intermodal (U.S.A.), Inc.'s, d.b.a. Port Services Logistics Co. Foreign Trade Zone 202 ("Port"), Motion for Sanctions (docket no. 146), filed May 11, 2004. The Court deems this matter appropriate for decision without oral argument. See Fed. R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for June 14, 2004, is removed from the Court's calendar. For the reasons set forth below, the Court **hereby grants in part** Claimant's Motion for Attorneys' Fees and Costs and **hereby grants** Port's Motion for Sanctions.

### I. Procedural Background

On December 27, 2002, Plaintiff United States filed a First Amended Complaint

("FAC") for forfeiture in rem of Defendant 4,432 Mastercases of Cigarettes ("Cigarettes"). The FAC alleged eight claims for forfeiture of the Cigarettes: (1) the Cigarettes were imported in violation of the Foreign Trade Zone Act; (2) the Cigarettes were marked intentionally in violation of 19 U.S.C. § 1304 (country of origin marking); (3) the Cigarettes were imported in violation of 19 U.S.C. § 1304(a) and 19 C.F.R. § 134.11; (4) the Cigarettes were in violation of the country of origin provisions of 15 U.S.C. § 1124 (misleading name and mark); (5) the Cigarettes were in violation of the country of origin provisions of 15 U.S.C. § 1125 (false designation of origin); (6) the Cigarettes were used to import, conceal, or transport merchandise introduced or attempted to be introduced into the United States contrary to law; (7) the Cigarettes were smuggled or clandestinely introduced into the United States in violation of 18 U.S.C. § 545; and (8) the Cigarettes were contraband in violation of 18 U.S.C. § 2342.

On January 7, 2002, Intrigue filed a Third–Party Complaint against Third–Party Defendant Port, which referenced and attached the government's Complaint. Intrigue's Third–Party Complaint asserted two causes of action: (1) Breach of Contract and (2) Violation of 19 C.F.R. § 146.0 *et seq.*

On or about May 20, 2003, the Court granted Intrigue's motion for summary judgment with regard to the government's Eighth Claim for Relief; the government subsequently appealed that decision in the main forfeiture action. In addition, Intrigue appealed the Court's denial of its Motion to Suppress.

On December 18, 2003, a Consent Decree between the government and Intrigue was entered which dismissed the government's First through Seventh Claims for Relief. The Consent Judgment provided that Intrigue shall file its motion for attorneys' fees and costs within 14 days after the government filed its Notice of Appeal of the entry of the consent judgment. (Mtn. for Attorneys' Fees and Costs at Ex.A, p. 4, ¶ 7.) Intrigue timely filed the instant Motion for Attorneys' Fees and Costs on February 26, 2004. Intrigue seeks attorneys' fees and costs from the United States under 28 U.S.C. § 2465(b)(1).

## II. Standard on Motion for Attorneys' Fees

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") provides that in any civil proceeding to forfeit property in which the claimant "substantially prevails," the United States is liable for "reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1).

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court concluded that a reasonable attorney's fee is determined initially by calculation of the "lodestar figure," which is the "product of reasonable hours times a reasonable rate." *Hensley*, 461 U.S. at 433–37, 103 S.Ct. 1933; *Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir.2000). There is a strong presumption that the lodestar is reasonable. *Hensley*, 461 U.S. at 433–37, 103 S.Ct. 1933. After calculating the lodestar, the Court may adjust the amount upward or downward based on several factors; but adjustments are appropriate only in exceptional cases. *See Oviatt v. Pearce*, 954 F.2d 1470, 1482 (9th Cir.1992) (citing *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487–88 (9th Cir.1988), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990)).

The moving party bears the burden of establishing the hours claimed and must carry that burden by submitting adequate

documentation of those hours. *See Hensley,* 461 U.S. at 437, 103 S.Ct. 1933.

### III. Discussion

The government does not dispute that, "subject to the resolution of pending cross-appeals, Intrigue 'substantially prevailed' in this action and is therefore entitled to 'reasonable attorney fees and other litigation costs' pursuant to 28 U.S.C. § 2465(b)." (Opp. to Mtn. for Attorneys' Fees and Costs at 1:5–8.) At issue are the calculation of the hourly rate and the number of hours billed.

Intrigue requests fees in the amount of (1) $326,300.00 for Eric Honig (815.75 hours at $400 per hour), (2) $122,400.00 for Elon Pollack (306 hours at $400 per hour), (3) $49,920.00 for Kayla Owens (256 hours at $195 per hour), and (4) $1,755.00 for Jason Xinyu Li (9 hours at $195 per hour). Intrigue also requests an additional 43.75 hours for Honig and 8.25 hours for Pollack for work performed relating to the motion for attorneys' fees and costs.

### A. Hourly Rate

Initially, the government asserts that "reasonable" fees should be calculated with reference to the provisions of the Equal Access to Justice Act ("EAJA"), which provides that fees are capped at $125 per hour, instead of using the "market rate" calculation. However, the government's argument ignores recent persuasive authority from this district; although the authority is not controlling, the Court agrees with its analysis and declines to deviate therefrom. In *U.S. v. $60,201.00 U.S. Currency,* 291 F.Supp.2d 1126 (C.D.Cal.2003), the court rejected the argument raised by the government in this action. The court cited the leading treatise on forfeiture, David B. Smith, *Prosecution and Defense of Forfeiture Cases,* ¶ 10.8 (Dec.2002), which wrote that under CAFRA, fees "**are not subject to a statutory hourly limit, in contrast with fee awards under the EAJA.**" *$60,201.00,* 291 F.Supp.2d at 1130. The court compared the relevant provisions of the CAFRA and EAJA, and held that the "EAJA cap should not apply" to a determination of hourly rates for attorneys' fees under CAFRA. *Id.*

■ The government cites no authority in support of its assertion that attorneys' fees under CAFRA should be subject to the EAJA cap. In addition, the government's attempt to distinguish *$60,201.00* is unpersuasive. The Court finds that, consistent with *$60,201.00,* the EAJA cap does not apply to a determination of hourly rates for attorneys' fees under CAFRA. Accordingly, the Court will not address the government's arguments relating to the special factor enhancement under the EAJA.

■ Under 28 U.S.C. § 2465(b)(1), the moving party "must show that the hourly rates charged are 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *$60,201.00,* 291 F.Supp.2d at 1130 (quoting *Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir.2001)). Intrigue requests the following hourly rates: $400 for Honig (lead counsel); $400 for Pollack (co-counsel); $195 for Li (associate); and $195 for Owens (associate).

■ In support of those rates, Intrigue submitted declarations from Honig and Pollack, in addition to declarations from three local attorneys familiar with federal civil litigation, civil forfeiture cases and customs law. Honig's declaration indicates he has been practicing continuously for over twenty years (since 1981) and has specialized in asset forfeiture cases since 1989. (Honig Decl. at ¶¶ 3–7). Pollack's declaration indicates he has been practicing since 1974 exclusively in the area of

customs law and related trade matters. (Pollack Decl. at ¶ 4.) The declarations of Thomas M. Brown, Paul L. Gabbert and Richard Wortman indicate that the requested hourly rates are consistent with the prevailing market rates. The Court finds no support for the government's argument that the declarations of the local attorneys should be discounted and the government offers no authority to support a reduction in the requested hourly rates.

The Court recognizes that in 2003, Honig was awarded an hourly rate of $300 in another civil asset forfeiture case in this district. However, due to Honig's experience and skill, the complexity of this action and the issues litigated, and the $50 increase in Honig's maximum billing rate in the past year, the Court finds that the requested $400 hourly rate is reasonable and warranted. The Court finds that there is sufficient evidence to show that the hourly rates of Honig, Pollack, Li and Owens conform with the prevailing market rates for attorneys of comparable competence and are thus reasonable.

## B. Hours Billed

 The government contends that Intrigue's attorneys over-billed in several ways: (1) billing in quarter-hour increments; (2) Honig's splitting of single tasks into multiple quarter-hour billing increments; (3) billing unperformed hours; (4) billing for work on Third–Party Complaint and Cross–Claims; and (5) billing for duplicative or unnecessary hours because multiple attorneys attended the same deposition.

First, the government asserts that billing in quarter-hour increments is unreasonable and should be reduced. However, the Court finds that the quarter-hour billing increments is an appropriate billing method and will not reduce the attorney

fee award merely because the attorneys billed using that method.

Second, the government argues that a 25% reduction in the number of Honig's quarter-hour entries is appropriate, because Honig split single tasks into multiple entries, i.e. two entries for reviewing a voice mail and then leaving a voice mail regarding the same issue.[1] Instead of applying a 25% reduction, the Court closely examined the billing records and considered the fact that some of the entries were excluded for reasons set forth below. The Court found 117 entries that should be excluded as impermissible splitting of a single task into multiple entries. The corresponding reduction in Honig's request is 29.25 hours (117 entries × 0.25 hour).

Third, the government argues that tasks were "purportedly performed" by multiple attorneys, but Pollack's billing records did not contain those tasks, or reflected a reduced time compared to Honig's records. This does not constitute over-billing. As explained in the Reply, Pollack had an informal understanding with Intrigue that he would not bill Intrigue for all his phone calls or meetings, as a courtesy to his client. In addition, Honig had an informal practice of not billing for each phone call with the same attorney or client on the same day. The Court finds that Intrigue's attorneys did not bill for unperformed work.

Fourth, the government asserts that hours performed in connection with the Third–Party Complaint and Cross–Claim litigation should be excluded from the fees awarded in this action, because Intrigue has not yet prevailed in either action and those actions involve unrelated third-parties. Intrigue concurs that work performed by Pollack's firm on Intrigue's ad-

---

**1.** The government does not seek a 25% reduction for splitting for Pollack's firm, because Pollack's billing records did not appear to indicate any such splitting occurred.

ministrative tort claim is not compensable in this forfeiture case; Intrigue agrees to exclude 1.25 hours for Pollack and 16.5 hours for Owens from the attorneys' fee request. Intrigue argues that the remaining hours should be included, because the claims in Intrigue's Third–Party Complaint were "based solely on the forfeiture case filed by the government and were contingent on forfeiture of the cigarettes being ordered." (Reply to Mtn. for Attorneys Fees and Costs at 17:2–5.) Intrigue offers no authority to support its argument that it is entitled to recover attorneys' fees for work performed on related cases, even when it has not prevailed in those related cases. The Court finds that Intrigue has failed to meet its burden, as the moving party, of establishing it is entitled to recover the hours claimed in the Third–Party and Cross–Claim actions.

After a review of the billing records and the "Hours Erroneously Highlighted by the Government that do not Involve the Third Party or Administrative Claims" provided by Intrigue (Reply at Ex.E), the Court finds that the following hours are not compensable: (1) 1.25 hours for work by Pollack on the administrative tort claim (as agreed by Intrigue); (2) 16.5 hours for work by Owens on the administrative tort claim (as agreed by Intrigue); (3) 58.25 hours for work by Honig on the related actions; (4) 3.5 hours for work by Pollack on the related actions; (5) 0.75 hours for work by Li on the related actions; (6) 1.5 hours for work by Owens on the related actions.

Finally, the government argues that Pollack's firm's hours should be reduced because his firm participated in three depositions in which Honig also participated. The Court finds that Pollack's presence at, and his firm's participation in, the depositions were reasonable, because Pollack and Honig have expertise in different areas of the law.

Accordingly, the Court grants Intrigue the following in fees: (1) $291,300.00 to Honig (728.25 hours at $400 per hour); (2) $120,500.00 to Pollack (301.25 hours at $400 per hour); (3) $46,410.00 to Owens (238 hours at $195 per hour); (4) $1,608.75 to Li (8.25 hours at $195 per hour); (5) $17,500 to Honig for work performed on the motion for attorneys' fees (43.75 hours at $400 per hour); and (6) $3,300 to Pollack for work performed on the motion for attorneys' fees (8.25 hours at $400 per hour).

The Court grants Intrigue the following in costs: (1) $8,762.47 to Pollack and (2) $1,907.74 to Honig. The government offered no opposition to the costs requested.

## IV. Motion for Sanctions

■ Third–Party Defendant Port requests the Court sanction Third–Party Plaintiff Intrigue and Andy Lee, individually, for discovery abuse and for impeding the discovery process. Port asserts that Lee, the person most knowledgeable of Intrigue and its sister companies, failed to appear for scheduled depositions on five separate occasions. On several occasions, Lee's counsel contacted Port's counsel to continue the deposition for a few hours, but then Lee never appeared. In response, Intrigue argues that Lee missed one scheduled deposition because of a head injury; however, Lee's counsel never informed Port's counsel of such injury. Rather, Lee simply failed to appear at the scheduled deposition.

The Court recognizes that Lee was deposed on April 8–9, 2004; however, that does not excuse his failures to appear and/or notify Port's counsel of his nonappearance at five other scheduled depositions preceding and following the April 8–9 depositions.

The Court finds that Port sufficiently complied with the meet-and-confer requirements and other local rules governing

this motion for sanctions.[2] In addition, the Court finds that the 19 hours Port's counsel spent preparing for, and appearing at, the scheduled depositions is reasonable.

Intrigue argues that the court reporter's expenses are redundant, because the court reporter prepared an Affidavit Re Non–Appearance for each of three depositions scheduled over two days. The Court finds that this was reasonable; three depositions were scheduled for Lee on March 30–31, 2004, and Lee failed to appear at each deposition without notifying Port's counsel that he would not appear. There was no way for Port to know if Lee planned to appear at one of the later scheduled depositions on those days, although he missed the earlier deposition(s).

Intrigue also argues that the expenses for videographer services on April 29, 2004 are unjust because Port did not properly notify Intrigue that it planned to use a videographer. The Court finds that the videographer expenses are properly recoverable as sanctions in this matter.

The Court awards to Port monetary sanctions against Andy Lee and Intrigue in the amount of $6,755.[3]

## V. Conclusion

The Court **hereby grants in part** Intrigue's Motion for Attorneys' Fees and Costs (docket no. 123), and awards the following in fees: (1) $308,800.00 to Honig, payable to the Eric Honig Attorney Client Trust Account (772 hours at $400 per hour); (2) $123,800.00 to Pollack, payable to the Law Offices of Elon Pollack (309.5 hours at $400 per hour); (3) $46,410.00 to Owens, payable to the Law Offices of Elon Pollack (238 hours at $195 per hour); and (4) $1,608.75 to Li, payable to the Law Offices of Elon Pollack (8.25 hours at $195 per hour). The Court grants Intrigue the following in costs: (1) $8,762.47 payable to the Law Offices of Elon Pollack and (2) $1,907.74 payable to the Eric Honig Attorney Client Trust Account. The Court **hereby grants** Port's Motion for Sanctions, and awards Port $6,755 in sanctions against Andy Lee and Intrigue.

---

2. As this is a motion for sanctions, rather than merely a discovery motion, Port properly filed this motion in this Court, rather than with the Magistrate Judge.

3. Since oral argument will not be heard in this matter, the Court will not award Port the two hours Port's counsel anticipated spending at the hearing.