ORDER
Claimant United Medical Caregivers Clinic (“UMCC”) prevailed in a civil forfeiture proceeding initiated by the United States. See United States v. $186,416.00 in U.S. Currency, 590 F.3d 942 (9th Cir.2009). The Civil Asset Forfeiture Reform Act (“CAFRA”) provides that in “any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred by the claimant.” 28 U.S.C. § 2465(b)(1)(A).
UMCC has moved for an award of attorney fees pursuant to CAFRA and has specifically requested that the fee award be paid directly to its counsel rather than to UMCC itself, as the claimant. The government does not contest UMCC’s entitlement to fees as a substantially prevailing party but has objected to the amount sought by the motion and has opposed the request that the fee award be paid directly to UMCC’s attorney.
We refer the matter to the Appellate Commissioner to calculate the amount of an appropriate fee award. We instruct the Appellate Commissioner to use the lodestar method, and conclude that the actual fee agreement between UMCC and its attorney may be taken into account but is not by itself determinative in calculating the appropriate amount of the fee award. As for the payee of the fee award, we conclude that attorney fees awarded under CAFRA are payable to the claimant, not to claimant’s attorney, so the fee awarded here will be payable to UMCC.
1. The amount of the fee award
CAFRA does not specify precisely how fee awards should be calculated. The statute simply provides that the government is liable for “reasonable attorney fees and other litigation costs reasonably incurred by the claimant.” 28 U.S.C. § 2465(b)(1)(A).
This court has not yet addressed the proper method of determining a fee award under CAFRA. Other courts have used the lodestar method to determine the amount to be awarded under CAFRA. See U.S. v. One Star Class Sloop Sailboat, 546 F.3d 26, 37-8 (1st Cir.2008); U.S. v. $60,201.00 in U.S. Currency, 291 F.Supp.2d 1126, 1129-1130 (C.D.Cal.2003). In this case UMCC proposes that its fees be determined that way, but the government argues that the lodestar approach should not be used and that the fee should primarily be based on the actual agreement between UMCC and its attorney. UMCC has declined to make its fee agreement available, and the government asks that its production be ordered.
*755 The lodestar approach is the method customarily used to determine attorney fees under fee-shifting statutes. See Blanchard v. Bergeron, 489 U.S. 87, 93-94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (the lodestar method determines the statutory fee award under 42 U.S.C. § 1988); Nadarajah v. Holder, 569 F.3d 906, 916 (9th Cir.2009) (EAJA). We see no reason to depart from that approach under CAFRA and conclude that the lodestar method should be used in calculating fees in this ease.
That does not mean that the actual fee agreement cannot be relevant to the fee determination. Under § 1988 and EAJA, the actual fee agreement does not act as a cap on the amount of statutory attorney fees awarded. See Blanchard, 489 U.S. at 93-94, 109 S.Ct. 939; Corder v. Gates, 947 F.2d 374, 377-78 (9th Cir.1991); Nadarajah, 569 F.3d. at 916. However, the agreement can be considered when determining a reasonable fee under the lodestar approach. See Blanchard, 489 U.S. at 93, 109 S.Ct. 939; Corder, 947 F.2d at 377-8. We see no reason to depart from this practice in the CAFRA context, either. UMCC is required to disclose its agreement with its attorney.
This matter is referred to the Appellate Commissioner for the purpose of determining the amount of reasonable attorney fees and other litigation costs reasonably incurred by UMCC, consistent with this order. The Appellate Commissioner may issue an order awarding fees and other litigation costs. Any such order is subject to a motion for reconsideration by this panel. See Circuit Rule 39-1.9.
2. The CAFRA fee award should be paid to the claimant
CAFRA does not explicitly identify to whom an award for fees and costs under that statute are to be paid. It simply says that “the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred by the claimant.” 28 U.S.C. § 2465(b)(1)(A).
Prior to CAFRA’s enactment in 2000, attorney fees could be sought by successful claimants in forfeiture actions under the Equal Access to Justice Act (“EAJA”), 28 U.S.C. § 2412(d). See $60,201.00 U.S. Currency, 291 F.Supp.2d at 1130. EAJA provides that a court “shall award to a prevailing party other than the United States fees and other expenses” in specified circumstances. 28 U.S.C. § 2412(d)(1)(A). The language used in CAFRA and EAJA is somewhat different. EAJA specifically assigns fee awards to “the prevailing party,” but CAFRA does not, stating only that “the United States shall be liable for reasonable attorney fees.” 28 U.S.C. § 2465(b)(1)(A).
UMCC reads this difference to mean that CAFRA fees should go directly to attorneys instead of the prevailing litigant. Following the Supreme Court’s recent decision in Astrue v. Ratliff, — U.S. -, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), we conclude otherwise.
Ratliff resolved a longstanding circuit split on the question of whether fee awards under EAJA were payable to the party or the attorney by holding that EAJA awards are to be paid to the prevailing litigant. Id. at 2525-29. In part, the Court based its decision on the specific language in EAJA, noted above, directing payments to the “prevailing party.” “[Prevailing party is a ‘term of art’ that refers to the prevailing litigant.” Id. at 2525. CAFRA does not contain similar language directing fees to the prevailing party.
The Court’s decision in Ratliff did not stop there, however. It went on to highlight the absence of language in EAJA explicitly directing fees to attorneys. *756 Comparing EAJA with a provision in the Social Security Act making fee awards payable “to such attorney,” see 42 U.S.C. § 406(b)(1)(A), the Court concluded that “given the stark contrast between the SSA’s express authorization of direct payments to attorneys” and the absence of such language in EAJA, it would not interpret EAJA to “contain a direct fee requirement absent clear textual evidence supporting such an interpretation.” Ratliff, 130 S.Ct. at 2527-28. As the Court noted, Congress “knows how to make fees awards payable directly to attorneys where it desires to do so.” Id. at 2527.
Ratliff counsels that in the absence of explicit instructions from Congress awarding fees to the attorney, direct payment to the attorney should not be presumed. Id. There is no such explicit instruction in CAFRA.
Direct payment to the attorney is the exception, not the rule. “The Supreme Court has made it clear that, in general, statutes bestow fees on parties, not upon attorneys.” United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equipment, 89 F.3d 574, 577 (9th Cir.1996). For example, attorney fee awards under 42 U.S.C. § 1988 or under the antitrust laws are payable to parties. See Evans v. Jeff D., 475 U.S. 717, 731-33, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986); Gilbrook v. City of Westminster, 177 F.3d 839, 875 (9th Cir.1999) (“In the absence of a contractual assignment to counsel, § 1988 requires that attorney fee awards be made directly to the prevailing party”); Image Technical Service, Inc. v. Eastman Kodak Co., 136 F.3d 1354, 1357 (9th Cir.1998) (“Any fee award in an antitrust case goes to the successful plaintiff, not to plaintiffs counsel.”). Unless the statute specifies payment to the litigant’s attorney, payment to the attorney is not assumed.
UMCC argues that by not including EAJA’s language mandating fee awards to the “prevailing party” in CAFRA, Congress signaled its intent to reject EAJA’s method of awarding attorney fees. Without further evidence, the use of the passive phrase “the United States shall be liable for reasonable attorney fees” in CAFRA, rather than “shall award to a prevailing party” in EAJA, cannot be read as a clear expression of congressional intent to create a direct fee award to counsel. If, as UMCC argues, Congress intended to liberalize fee awards in forfeiture cases with CAFRA, it did so by eliminating EAJA’s language exempting the government for payment of fees where the “position of the United States was substantially justified,” not by providing for fee awards to be paid directly to attorneys. 28 U.S.C. § 2465(b)(1)(A). Neither legislative history nor “clear textual evidence,” Ratliff, 130 S.Ct. at 2528, supports UMCC’s contention that direct fee payment to counsel was one of the reforms envisioned by Congress in CAFRA.[1]
UMCC attempts to extract a direct fee requirement from two phrases in 28 U.S.C. § 2465(b)(1)(A) — that the government is “liable for ” attorney fees “incurred by the claimant” (emphasis added). This effort is not persuasive. The word “liable,” as UMCC agrees, means to be “legally obligated.” See Black’s Law Dictionary (9th ed.2009). It does not indicate to whom the liability is owed. UMCC is right that under fee-shifting statutes, fees may be con *757 sidered. to be “incurred” by the client even though the client was represented free of charge. See Nadarajah, 569 F.3d. at 916 (EAJA); Phillips v. General Services Admin., 924 F.2d 1577, 1583 (Fed.Cir.1991) (Civil Service Reform Act). But a statute that makes the government “liable for” fees “incurred by” a party does not necessarily entitle counsel to a direct fee award.
UMCC and amicus curiae National Association of Criminal Defense Lawyers (NACDL), appearing in support of UMCC’s position, offer policy justifications in support of awarding the fees and costs to the claimant’s attorney directly rather than to the client. If fee awards are paid to the claimant, they argue, attorneys may not be paid for their work, thus reducing the likelihood of competent representation and defeating congressional intent. It is pointed out that CAFRA fees due to be paid to the client may be offset in part or in full by the client’s preexisting debts to the government, leaving nothing to be paid to the attorney.[2] That argument did not persuade the Supreme Court in Ratliff, however. The Court explicitly noted that EAJA fees are “subject to offset where a litigant has outstanding federal debts.” Ratliff, 130 S.Ct. at 2528. The government in that case actually asserted the right to offset a debt owed by the claimant to the federal government against the fee award, producing exactly the result projected by UMCC’s argument, but that did not lead the Court to conclude that payment of EAJA fees should be made directly to counsel. There is nothing in the background, text, or purpose of CAFRA that suggests that the same result should not apply to CAFRA fees. UMCC’s policy arguments must be made to Congress, which could draft the fee award statute to specify payment to counsel. CAFRA was not written that way.
We decline to order direct payment to counsel. The attorney fees and litigation costs awarded in this case are payable to UMCC as the successful claimant.
The motion is referred to the Appellate Commissioner for further proceedings consistent with this order.
REFERRED TO THE APPELLATE COMMISSIONER

. While the legislative history does not clearly indicate the intended recipient of the fee award, the remarks of CAFRA’s legislative supporters suggest that it was intended to award "attorney fees and costs to property owners who prevail against the government in civil forfeiture cases” (emphasis added). Statement of Sen. Hatch, 145 Cong. Rec S. 14,629 (Nov. 16, 1999).

. The papers filed in this case do not reveal whether or why this might have practical impact in this case. The Supreme Court, speaking in particular with regard to fees awarded under 42 U.S.C. § 1988, has noted "the practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees” awarded under the statute. Ratliff, 130 S.Ct. at 2529. We have not been informed about any offset the federal government might claim against UMCC. Nor have we been informed of any other for concern on the part of UMCC’s attorney that he might not get paid if the fee award is not paid directly to him. Nonetheless, the parties have disputed the issue, and our order will need to identify to whom payment should be made.