**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

$186,416.00 IN U.S. CURRENCY,
*Defendant.*

UNITED MEDICAL CAREGIVERS
CLINIC, INC.,
*Claimant-Appellant,*

PAUL L. GABBERT,
*Intervenor.*

No. 07-56549

D.C. No.
CV-05-06703-
SVW-SH

ORDER

Filed July 17, 2013

Before: Michael Daly Hawkins, Marsha S. Berzon,
and Richard R. Clifton, Circuit Judges.

## SUMMARY[*]

### Attorneys' Fees / Civil Forfeiture

The panel held that intervenor Paul Gabbert, an attorney whose client substantially prevailed in a federal civil forfeiture action, had standing to pursue an attorney's fee award, and was entitled to receive direct payment of the fee award under the Civil Asset Forfeiture Reform Act and the parties' fee agreement.

## ORDER

Intervenor Paul Gabbert represented United Medical Caregivers Clinic ("UMCC") in a civil forfeiture proceeding initiated by the United States, in which UMCC prevailed. *See United States v. $186,416.00 in U.S. Currency*, 590 F.3d 942 (9th Cir. 2009). The Civil Asset Forfeiture Reform Act ("CAFRA") provides that in "any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A).

UMCC moved for an award of attorney fees and specifically requested that the fee award be paid directly to counsel, rather than to UMCC as the claimant. The

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

government did not contest UMCC's entitlement to fees as a substantially prevailing party but objected to the request that the fee award be paid directly to UMCC's attorney. We denied UMCC's request that the fee award be paid directly to Gabbert, holding that a fee award under CAFRA is payable to the claimant, not the claimant's attorney. We referred the matter to the Appellate Commissioner to calculate an appropriate fee award to be awarded to be payable to UMCC. *See United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753 (9th Cir. 2011).

Gabbert learned that UMCC had been suspended as a California corporation and was unable to further participate as a party in the case. He requested permission to intervene to request a petition for rehearing of the order we entered in 2011. We granted him intervenor status, though we denied the petition for rehearing that he filed on his own behalf. Gabbert has since moved for an award of attorney's fees to be paid directly to him, in light of fee agreements between him and UMCC assigning any fee award to him. The government has moved to dismiss the case, primarily on the basis that Gabbert lacks standing to pursue the fee award.

We conclude that Gabbert has standing to pursue the fee award and is entitled to receive payment of the fee award. We deny the government's motion to dismiss, and we refer the matter back to the Appellate Commissioner to calculate the amount of the fee award.

## 1. Motion to pay the fee award to Gabbert

Because this is a case where "jurisdiction is so intertwined with the merits that its resolution depends on the resolution of

the merits," we first address whether Gabbert is entitled to receive direct payment of a fee award by virtue of his fee agreements with UMCC before turning to the issue of whether Gabbert has standing. *Orff v. United States*, 358 F.3d 1137, 1150 (9th Cir. 2004), *aff'd*, 545 U.S. 596 (2005).

In our previous order, we did not address whether a CAFRA fee award can be paid directly to a claimant's attorney when so provided in a fee agreement. We held that, as a general matter, CAFRA fee awards are paid to the claimant rather than the attorney. *$186,416.00 in U.S. Currency*, 642 F.3d at 755–56. Since then, Gabbert has brought to light fee agreements between him and UMCC that assign the right to collect any fee award to Gabbert. Based upon the agreements, Gabbert also obtained an order from the state superior court, filed November 29, 2012, awarding him an equitable interest in the fee award owed to UMCC. We conclude that these agreements permit Gabbert to collect the award.

In interpreting other fee award statutes, we have strongly suggested that fees may be directed to an attorney on account of a contractual assignment, even when the attorney has no statutory right to collect fees directly. In *Virani*, the majority opinion held that once a plaintiff demands attorney's fees for a successful False Claim Act qui tam action, the fees "must be directed to the attorney." *U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, 89 F.3d 574, 578–79 (9th Cir. 1996). Judge Thomas concurred with the result, that the fees be paid directly to the attorney, but on the narrower ground that the plaintiff had assigned his right to the fees to his lawyers. *Id.* at 580. Subsequent decisions interpreting other fee award statutes have specifically endorsed Judge Thomas's

reasoning. *See, e.g.*, *Gilbrook v. City of Westminster*, 177 F.3d 839, 875 (9th Cir. 1999) (attorney's fees under 42 U.S.C. § 1988); *Image Technical Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1359 (9th Cir. 1998) (attorney's fees under the Clayton Act). We fail to see why this reasoning would not similarly apply to fee awards under CAFRA.

The government, noting the principle that "it is the party's right to waive, settle, or negotiate [attorney's fees] eligibility,"*Venegas v. Mitchell*, 495 U.S. 82, 88 (1990), argues that these rights remain with the party up until a final fee amount is calculated and ordered. Whether or not that may be generally true, in this case there is no discernable conflict between direct payment of the fee award to Gabbert and UMCC's right to waive, settle, or negotiate eligibility for a fee award. UMCC moved for a fee award in this case and assigned the right to collect that award to Gabbert. UMCC has not waived or settled its claim for a fee award, nor has it expressed any interest in doing so. Indeed, as a suspended corporation, it may not even be capable at present to take such action on its own behalf. The possibility of UMCC waiving or settling its eligibility for a fee award appears at most theoretical. If UMCC takes such action prior to payment of the award to Gabbert, there might be a question for us to consider, but the award should not be forfeited in the meantime based on such a remote possibility.

We also note that this is not a case where the attorney is seeking a direct assignment of fee awards to jump ahead of other creditors. In *Astrue v. Ratliff*, the Supreme Court determined that the attorney has no statutory right to direct the payment of fees awarded under the Equal Access to Justice Act to himself rather than the prevailing party. 130

S. Ct. 2521, 2529 (2010). In that case, because the award was payable to the party, it was subject to an offset to satisfy a preexisting debt that the party owed the United States. *Id.* at 2524. The Court noted, however, the "practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees" because of "nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorneys the entitlement to payment of the fees award the statute confers on the prevailing litigant." *Id.* at 2529.

Here, UMCC has been dissolved, and no other creditor has come forward to contest the assignment to Gabbert. The government has not asserted an offset claim. There is no concern that direct payment of the fee award to the attorney will deprive the government or another creditor of what it is due. The government should not be able to negate the fees it owes to UMCC just because UMCC has been dissolved and the only creditor who appeared to collect in its stead is the attorney. Whatever might be the case where there are competing creditors, we conclude that, under these circumstances, Gabbert is entitled to receive payment of the fee award.[1]

---

[1] The government has waived any argument that the UMCC's assignment of the award to Gabbert was invalid under the Anti-Assignment Act, 31 U.S.C. § 3727. The government only mentions the Act in its reply brief and even then does not explain its application to this case. *See United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in an appellant's reply brief are generally deemed waived.").

## 2. Motion to dismiss

The government moves to dismiss this action, arguing that Gabbert lacks standing to litigate the fee award under *Pony v. County of Los Angeles*, 433 F.3d 1138 (9th Cir. 2006). *Pony* did not hold that an attorney can never have standing to litigate a fee award. Rather, the standing inquiry turned on whether the attorney had valid contractual rights he sought to protect. In that case, the client had assigned to her attorney the right to apply for, waive, settle, or collect any fee award, but the client nonetheless entered into a settlement that waived any claim to a fee award. *Id.* at 1140–42. The court rejected the attorney's argument that he had standing to pursue a fee agreement by virtue of the assignment because the assignment of the right to apply for a fee award was invalid as a matter of law. *Id.* at 1142. The court concluded that the attorney lacked standing to bring a claim because he lacked valid contractual rights. *Id.* at 1145. In so concluding, the court specifically distinguished between the right to collect fee awards, which can generally be freely assigned, and the right to assign the right to seek or waive attorney's fees, which cannot be transferred. *Id.* at 1144–45.

This case does not present the same situation as *Pony*. UMCC has not entered into a settlement that waived any claim to a fee award, and Gabbert has a valid contractual right to collect the fee award. Gabbert has standing to protect his right.

## 3. Conclusion

We grant Gabbert's motion for fees insofar as he requests that the fee award be paid directly to him and refer the

question of the amount of the award to the Appellate Commissioner. We deny the government's motion to dismiss the appeal.

**MOTION TO DISMISS DENIED; MOTION FOR FEE AWARD GRANTED; REFERRED TO THE APPELLATE COMMISSIONER**.