

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH PADGETT, | No. 15-15867 |
| Plaintiff-Appellant, | D.C. No. 5:04-cv-03946-EJD |
| and | |
| DARLA PADGETT, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| CITY OF MONTE SERENO; BRIAN LOVENTHAL; A. CURTIS WRIGHT; ERIN GARNER; MARK BRODSKY; BARBARA NESBET; DAVID BAXTER, | |
| Defendants-Appellees, | |
| and | |
| THE LAW FIRM OF KALLIS & ASSOCIATES, P.C; BUSTAMANTE & GAGLIASSO, P.C., | |
| Creditors-Appellees. | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 18, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and DRAIN,[**] District Judge.

Joseph Padgett (Padgett) appeals the district court's decision to allow his former attorneys to pursue attorneys' fees after being terminated by Padgett. In addition, Padgett asserts that the district court erred in dismissing his claim for fees as a sanction for failing to file a new motion on remand.

**1.** We agree that the district court potentially erred by allowing The Law Firm of Kallis & Associates P.C. (Kallis) and Bustamante & Gagliasso P.C. (Bustamante) to seek attorneys' fees after they no longer represented Padgett. The district court improperly relied on our decision in *United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc.*, 89 F.3d 574 (9th Cir. 1996), *abrogation recognized by United States v. Kim*, 806 F.3d 1161, 1174 (9th Cir. 2015), to permit Kallis' and Bustamante's continued request for fees. *Virani*, however, involved a *qui tam* action, which is functionally different than a civil

---

[**]     The Honorable Gershwin A. Drain, United States District Judge for the Eastern District of Michigan, sitting by designation.

rights case. *See Virani*, 89 F.3d at 575. In a *qui tam* action, "a substantial portion of the damages collected goes to the federal government, not to the *qui tam* plaintiff . . . ." *Gilbrook v. City of Westminster*, 177 F.3d 839, 874 (9th Cir. 1999). In a civil rights case, by contrast, attorney fees belong to the plaintiff absent contractual provisions to the contrary or an attorney lien. *See United States v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 756 (9th Cir. 2011). Because the district court did not consider whether contractual provisions or an attorney lien justified the award of fees to counsel rather than to the plaintiff, we vacate and remand for the district court to make that determination in the first instance.

**2.** The district court did not violate the rule of mandate by ordering the parties to file motions and supplemental documents to support a request for attorneys' fees on remand. The rule of mandate allows a lower court to "decide anything not foreclosed by the mandate." *See Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (citation and internal quotation marks omitted). The mandate in Padgett's earlier appeal concerned articulation of the rationale supporting the district court's award of fees and costs. *See Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013). The factual and procedural circumstances of this case are unusual. While the case was on appeal to this Circuit, the presiding judge retired. Subsequently, the case was reassigned. Our mandate cannot reasonably be

3

construed as requiring the newly assigned judge to provide the reasoning of his predecessor, especially considering the lack of explanation provided by his predecessor, which was the very reason for our remand. The district court's request for motions and supporting documents on remand was reasonably in pursuit of compliance with the mandate. *See United States v. Perez*, 475 F.3d 1110, 1113 (9th Cir. 2007) ("The ultimate task is to distinguish matters that have been decided on appeal, and are therefore beyond the jurisdiction of the lower court, from matters that have not.") (citation and alterations omitted).

**3.** The Court's *sua sponte* dismissal of Padgett's claim for fees as a sanction for failure to file a new motion was excessive under the circumstances of this case. Before entering a dismissal under FED. R. CIV. P. 41(b), the district court is required to weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). In *Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498 (9th Cir. 1987), this Court considered a district court's *sua sponte* dismissal arising after a breakdown in the relationship between the plaintiff and his attorneys. We reversed the district court's dismissal, reasoning that the district court did not give

4

"clear warning" to the Plaintiff that dismissal would result or consider the availability of less drastic sanctions. *Id.* at 500. We said that "[w]hile there is no requirement that every conceivable sanction be examined, meaningful alternatives must be explored." *Id.* (citation omitted); *see also In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) (this Court "focus[es] more closely on the lack of warning and absence of consideration of less drastic alternatives when the dismissal is *sua sponte* rather than in response to a noticed motion"). On the record before us, there is no indication that clear warning was given to Padgett that dismissal would occur as a result of his failure to meet the Court's December 13, 2013 deadline. Nor does the district court's January 10, 2014 order show that it considered imposing less drastic sanctions on Padgett. Absent any consideration of these factors, reversal is warranted.

There is a remaining issue of appellate jurisdiction. It is undisputed that Padgett's appeal from the March 31, 2015 order awarding fees to his attorneys was timely. Wright contends, however, that the January 10, 2014 order dismissing Padgett's own claim to attorneys' fees was a final, appealable order so that his appeal is untimely as to that dismissal. Yet the January 10, 2014 order was not a final order because it did not resolve "all the claims or the rights and liabilities" of all the parties. *See* FED. R. CIV. P. 54(b). Nor did it finally resolve issues relating

5

to fees and costs. The January 10, 2014 order left Defendants' requests for costs unresolved. And in the same order, the district court stayed the proceedings so Padgett's former attorneys could participate with defendants in a judicially-supervised settlement conference on fees. Since the January 10, 2014 order was not final with respect to fees, it merged into the final March 31, 2015 order for purposes of appeal. *See Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) ("[A]n appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment.").

Each party shall bear their own costs.

**VACATED AND REMANDED in part.**

***Padgett v. City of Monte Sereno*, Case No. 15-15867**
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I agree with the majority that the district court should determine whether the attorneys' fees belonged to counsel or to the plaintiff. I also agree that the district court acted within our mandate when it ordered the parties to file motions and supplemental documents to support a request for fees on remand.

However, I part company with the majority on its review of the district court's sanctions order. In my view, we lack jurisdiction over Appellant Joseph Padgett's challenge to the dismissal of his attorney's fee claim for the services provided by the McManis Faulker Law Firm. The dismissal was a sanction for failure to submit a fee motion on remand. Padgett filed his notice of appeal over one year after entry of the order denying his motion for reconsideration of the district court's dismissal, rendering his appeal untimely. *See* Fed. R. App. 4(a)(1), 4(a)(4)(A)(vi). The final award of fees to attorneys Kallis and Bustamante O'Hara & Gagliasso was a separate order resulting in a separate appeal. *See Oregon Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009) (holding that a post-judgment attorney fee award requires a separate appeal). Therefore, there was no underlying judgment with which the dismissal order could possibly merge. I respectfully dissent from this portion of the majority disposition.